UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BAILEY,

    Plaintiff,

                                          Case No. 13-14082

v.

                                          Hon. John Corbett O'Meara

CITY OF HOWELL, *et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the court are Defendants' motion for judgment on the pleadings, filed December 11, 2013, and Plaintiff's motion to amend the complaint, filed January 17, 2014. The court heard oral argument on February 13, 2014, and took the matter under advisement. For the reasons stated below, Defendants' motion is denied and Plaintiff's motion is granted.

## BACKGROUND FACTS

This case arises out of the traffic stop and arrest of Plaintiff Christopher Bailey on September 24, 2011. On that night, Bailey attended his ten-year high school reunion at the Shark's Club in Howell, Michigan. When Bailey left the club

at about 2 a.m., he pulled out and proceeded on the wrong side of a divided road. (Bailey contends that the road appeared to be an undivided two-lane road.) Bailey was stopped by Officer Lorenz of the Howell Police Department, who suspected that Bailey was driving while intoxicated.

Officer Lorenz asked Bailey to complete a Standardized Field Sobriety Test, which Bailey alleges he passed. Officer Lorenz asked Bailey to take a Preliminary Breath Test (PBT), but Bailey refused. Officer Lorenz then offered a chemical test at the jail, which Bailey also refused, believing that he was again being offered a PBT. Bailey attempted to clarify, asking "Are you asking for a test here or at the station?" Compl. at ¶ 21. Officer Lorenz told Plaintiff he was offering a test that would be administered at the jail but Plaintiff would now be taken to the hospital for a blood draw. Plaintiff then stated: "Oh well if it's at the [jail] then that's fine. I didn't know. You didn't clarify what you were asking." Id. at ¶ 23. Plaintiff contends that, despite the fact that he agreed to a chemical test at the jail, Officer Lorenz obtained a warrant for a blood test. Plaintiff alleges that in the affidavit supporting the warrant, Officer Lorenz falsely stated that he "appeared off balance." Compl. at ¶¶ 27-31. Plaintiff was taken to a hospital for a blood draw; the record does not reflect what the results were.

Pursuant to Michigan law, Plaintiff's driver's license was automatically suspended for refusing to take a chemical test.  See M.C.L. § 257.625a(6)(b)(v). Plaintiff appealed the suspension, which was upheld at a Secretary of State administrative hearing.  Plaintiff contends that Officer Lorenz committed perjury at the hearing when he told the administrative law judge that Plaintiff was not confused about the chemical test and that Plaintiff did not agree to take the test. On rehearing, the suspension was overturned.  At that time a video showing that Plaintiff agreed to take the test was newly available.  According to the complaint, the "SOS hearing officer told Lorenz that he should have allowed Plaintiff to take the chemical test and Plaintiff's license should have never been suspended." Compl. at ¶ 52.

Plaintiff was also charged with operating a vehicle while intoxicated, expired license plate tabs, and no valid proof of insurance.  Plaintiff challenged the warrant for the blood draw; before that issue was resolved, the prosecutor offered a plea deal for careless driving, expired tabs, and no proof of insurance, which Plaintiff accepted.  Plaintiff did not plead guilty to operating a vehicle while intoxicated.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging various Fourth Amendment and state claims.  After Defendants filed their motion to

dismiss, Plaintiff agreed to dismiss the City of Howell Police Department, the Chief of Police, and Counts V, VI, VII, and VIII. The remaining claims – against Defendants City of Howell and Officer Lorenz as set forth in the proposed Amended Complaint – are as follows: Count I, Fourth Amendment (unlawful detention); Count II, Fourth Amendment (unreasonable seizure of Plaintiff's blood and driver's license); Count III, Fourth Amendment (unlawful search); and Count IV, Fourteenth Amendment (due process). Plaintiff also filed a motion to amend his complaint to add Count V, a malicious prosecution claim under § 1983.

## LAW AND ANALYSIS

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(c), based upon the argument that Plaintiff has failed to state a claim upon which relief may be granted. Therefore, the standard of review is the same as that under Rule 12(b)(6). See Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). To survive a 12(b)(6) motion, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Defendants argue that all of Plaintiff's remaining claims, including the malicious prosecution claim he seeks to add, must be dismissed based upon collateral estoppel and Heck v. Humphrey, 512 U.S. 477 (1994). Specifically, Defendants argue that Plaintiff's claims are barred because he pleaded guilty to careless driving, expired tabs, and lack of insurance. Plaintiff's conviction, Defendants contend, is conclusive evidence of probable cause. See Blase v. Appicelli, 195 Mich. App. 174 (1992). Defendants argue that under Heck, "Plaintiff cannot challenge the validity or constitutionality of the arrest, search and seizure of his person or blood under 42 U.S.C. § 1983." Def. Br. at 10.

At most, however, Plaintiff's conviction provides probable cause for his traffic stop. Plaintiff did not plead guilty to operating a vehicle while intoxicated. Plaintiff contends that because he agreed to take a chemical test, Officer Lorenz had no basis to suspend his license or seek a blood draw. Plaintiff further contends that Officer Lorenz falsified information in the affidavit supporting the warrant for the blood draw, claiming that Plaintiff was off balance and gave off a "strong odor" of intoxicants.

As the Supreme Court stated in Heck:

> To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *But if the district court determines that the plaintiff's action, even if successful, will* not *demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit*.

Heck, 512 U.S. at 486-87 (emphasis added).

Here, Plaintiff's action – in which he challenges his license suspension and blood draw – will not serve to invalidate the judgment against him for careless driving, expired tabs, and lack of insurance. Moreover, Plaintiff's license suspension was overturned on appeal and the issue of driving while intoxicated was not previously litigated on the merits. The court finds that Plaintiff's claims are not barred by Heck or collateral estoppel.

Defendants also contend that Officer Lorenz is entitled to qualified immunity because he had probable cause to stop Plaintiff's vehicle, and thus did

not violate Plaintiff's clearly established constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). However, Defendants do not address Plaintiff's claim that Officer Lorenz would not administer a chemical test after Plaintiff agreed to it, resulting in the suspension of his license. Nor do Defendants address Plaintiff's claim that Officer Lorenz exaggerated or falsified information on the affidavit supporting the blood draw warrant, or that Officer Lorenz lied under oath at the license suspension hearing. Having failed to address these issues, Defendants have not shown that there is no issue of fact regarding qualified immunity. Plaintiff has alleged sufficient facts, at least at this stage, to proceed.

Defendants also object to the amended complaint for the same reasons outlined and rejected above. The court will deny Defendants' motion for judgment on the pleadings and grant Plaintiff's motion to amend the complaint. See Fed. R. Civ. P. 15(a)(2) (the court should "freely give leave [to amend] when justice so requires").

## ORDER

IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings is DENIED and Plaintiff's motion to amend the complaint is GRANTED.

s/John Corbett O'Meara<br>
United States District Judge

Date: February 27, 2014

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 27, 2014, using the ECF system.

s/William Barkholz<br>
Case Manager